**Mary Christine MADRID et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF GILROY UNIFIED SCHOOL DISTRICT et al., Defendants.**

### No. C 76 629 SW.

United States District Court, N. D. California, S. D.

March 24, 1977.

Alexander F. Eagle III, Eagle & Torre, San Jose, Cal., for plaintiffs.

William M. Siegel, County Counsel, Paul J. Mason, Asst. County Counsel, Santa Clara County, San Jose, Cal., for defendants.

## OPINION

### SPENCER WILLIAMS, District Judge.

This matter is before the court on defendant school board's motion for a summary judgment. Plaintiff seeks to represent a class of employees of the Gilroy Unified School District who are allegedly denied their right to employment free of sex discrimination. Plaintiffs allege a violation of Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. §§ 2000e *et seq.*, due to a policy of the defendant school board for mandatory maternity leave without pay. The policy is inextricably coupled with an overall, nondiscriminatory disability program of leave and benefits for all teachers and employees in the district. This court finds no violation of Title VII, and grants summary judgment for defendants.[1]

The Gilroy Unified School District's personnel policy for certificated personnel contains regulations under the heading "4150 ABSENCES, LEAVES AND VACATIONS." Under that section, the sick leave policy is stated, in pertinent part as follows:

All certificated employees are entitled to ten days of absence due to accident, illness, or quarantine each year at full pay . . .. (4151.1 A.)

A subsequent subsection of 4150, entitled *Maternity Leave,* provides that

A certificated employee of the district shall be granted leave of absence without pay for reasons of pregnancy, convalescence following a childbirth, or maternity. (4152.3)

These two sections comprise, in pertinent part, the policy which plaintiffs contend violates Title VII. The policy contemplates, on its face, disability payments for leave due to any accident, illness or quarantine except an accident, illness, quarantine or other absence when caused by pregnancy.

The exclusion of pregnancy from a plan providing for disability coverage of employees, does not at this time violate Title VII. That is the import of *Gilbert, supra* note 1. *Gilbert* found that pregnancy, when excluded from a disability plan, was not gender based discrimination because of two reasons applicable to the case before this court. First, the fiscal and actuarial benefits of such an exclusion accrue to both sexes.[2] 429 U.S. at 136, 97 S.Ct. 401. Additionally, the groups not covered for the risk of pregnancy are not divided exclusively on a gender basis. The disability plan, in *Gilbert* as here,

covers exactly the same categories of risk, and is facially nondiscriminatory in the sense that "[t]here is no risk from which men are protected and women are not. Likewise, there is no risk from which women are protected and men are not." . . . For all that appears, pregnancy-related disabilities constitute an *additional* risk, unique to women, and the failure to compensate them for this risk does not destroy the presumed parity of the benefits, accruing to men and

---

1. This court is aware of the Supreme Court's recent action in *Richmond Unified School District v. Berg,* —— U.S. ——, 97 S.Ct. 806, 50 L.Ed.2d 788 (1977). Because *Berg* involves a similar issue, the argument of plaintiff that this motion should be denied and a stay granted pending resolution of that case is appealing. However, a more efficacious solution is to grant this motion in light of *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), to order judgment entered, but invite plaintiffs motion for relief from the judgment under Rule 60(b), Fed.R.Civ.P. As plaintiff admits, in their papers filed in opposi-

tion to the motion here under consideration, *Gilbert* "appears to have settled the question of the use of disability benefits by employees absent due to pregnancy under Title VII."

2. The affidavit of Baldwin, for the defendants, asserts that certificated women employees of the defendant school district take, on an average, more days of sick leave with pay than the certificated men employees at the present time. This, while admittedly a fact, is not controverted by the plaintiffs, in their complaint, by affidavit, or otherwise.

women alike, which results from the facially evenhanded *inclusion* of risks. To hold otherwise would endanger the common-sense notion that an employer who has no disability benefits program at all does not violate Title VII even though the "underinclusion" of risks impacts, as a result of pregnancy-related disabilities, more heavily upon one gender than upon the other. (429 U.S. at 138, 97 S.Ct. at 409–410.)

The plan in this case does not serve as a pretext for sex based discrimination, as is made clear by the affidavits to defendants' motion for summary judgment. As stated above, the affidavit and exhibits establish that certificated female employees of the defendant district utilize more days of sick leave with pay under the plan than do the certificated male employees. For the three school years ending in June, 1976, the female employees took some 50% more sick leave, though they were not permitted to utilize benefits for pregnancy related absence.

Plaintiffs' sole opposition to this motion is the unrealistic request that this court stay its decision pending resolution of the *Berg* case by the Supreme Court. This court will not stay this matter, but will entertain a motion pursuant to Rule 60(b) should *Berg* command a result different from that reached herein.

Since the uncontested facts and the mandate of *Gilbert* appear to require this court to deny plaintiffs claim, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.